[No. 24117. Department One. October 10, 1932.]

EARL BOWER *et al.*, *Respondents*, v. L. T. ROOT *et al.*,
*Appellants.*[1]

*James P. H. Callahan*, for appellants.
*John D. Ehrhart*, for respondents.

MITCHELL, J.—The plaintiffs, as a committee representing themselves and others, claiming to be members of the First Baptist Church of Hoquiam, Washington, in October, 1931, brought this summary action in forcible detainer against the defendants, who were trustees of the church, to get possession of the church building and parsonage, alleging forcible detention of the property since September, 1931. It was alleged in the complaint and admitted in the answer, and defendants requested a finding,

" . . . that the First Baptist Church of Hoquiam is an organized corporation under and by virtue of the laws of the state of Washington relating to religious congregations."

The finding made by the trial court was that the church was a corporation organized and existing under

[1]Reported in 14 P. (2d) 965.

and by virtue of the laws of the state of Washington, without stating whether or not the laws of the state referred to are those for the formation of educational, religious, social and charitable corporations and associations.

The court further found, among other things, that the First Baptist Church of Hoquiam is the owner of the property in question; that the church had adopted a constitution and by-laws; and that, according to the by-laws, there shall be five trustees who "shall be custodians of the property," etc. The court further found:

"That on or about the 19th day of September, 1931, the *trustees* securely locked the church premises, and since said time the plaintiffs and those upon whose behalf this action was brought have been excluded from said church and not permitted to use or enjoy the church property, including the buildings thereof."

Notwithstanding such admissions in the pleadings and findings of fact, conclusions and judgment were entered in favor of the plaintiffs that the defendants be ousted and ejected from the premises and enjoined from molesting the plaintiffs and other members in the possession of the premises; and that a writ of restitution issue commanding the sheriff of the county to oust and eject the defendants from the premises and deliver to the plaintiffs possession of the lands and premises. The defendants have appealed.

█ Under Rem. Comp. Stat., § 3863, the affairs of a corporation organized as a church society shall be managed by *officers* of the church. As is usual, such officers are the trustees. In this case, the by-laws of the corporation also provide that the trustees shall be custodians of the property. The appellants, as trustees, are the ones proceeded against and have been ordered out of the possession of the property.

There are some provisions in the by-laws respondents rely on, to the effect that the governmental power of the church shall be in the church itself, and that the trustees of the church shall be subject to the direction of the church, which, it is argued, must be considered in deciding this case. That is, those provisions modify or control the provisions of the law and of the by-laws of the church to the effect that the affairs of the church shall be managed by designated officers, rather than the whole church as such.

What such other provisions of the by-laws thus relied on by the respondents may have to do with the conduct and management of the religious doctrines and beliefs of the church, is not involved. This case pertains to the secular affairs of the corporation—the physical management, the control and possession of the church buildings.

The summary procedure of forcible detainer is not available to a faction of a church, however numerous, to deprive the trustees of the possession of the property of the church society.

Reversed and remanded, with directions to the superior court to dismiss the action.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.